**In re ROOKERY BAY, LTD. Debtor.**

**Bankruptcy No. 95–4781–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 17, 1995.

---

Brian J. Almengual, Almengual & Warner P.A. Tampa, FL, for debtor.

**ORDER ON RENEWED MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, MOTION FOR ABSTENTION**

ALEXANDER L. PASKAY, Chief Judge.

This is an involuntary case filed by Blazer Building, Inc., ("Blazer") against Rookery

Bay Ltd. ("Debtor") in which the Order For Relief has yet to be entered, notwithstanding the fact that the involuntary Petition was filed on May 18, 1995. The entry of an Order For Relief has been strongly resisted from the very outset by the Debtor which in its Answer, denied the allegation that it does not pay its debts as they became due. The Debtor has also sought an award of monetary damages, claiming that the Petition was filed in bad faith. On September 21, 1995, this Court denied a Motion for Summary Judgment filed by the Debtor. In its Motion, the Debtor contended that Blazer had no standing to maintain an involuntary case against the Debtor because it is undisputed that its claim is subject to bona fide dispute. This contention is based on the undisputed facts that a judgment was entered by the Circuit Court of Collier County in favor of Blazer and against the Debtor based on an arbitration award; but a Notice of Appeal from the judgment was filed on June 2, 1995, but not before the commencement of this case on May 18, 1995. This Court, in its ruling on the Motion for Summary Judgment, concluded that a claim based on an unstayed judgment was not a claim subject to bona fide dispute, notwithstanding that the judgment has been appealed and, therefore, denied the Debtor's Motion.

In its Renewed Motion for Summary Judgment, the Debtor points out that, although it raised in its Answer the ultimate issue the debtor's failure to generally pay its debts as they became due, this Court did not rule on that issue. Accordingly, this Court should now consider that issue and, based on the affidavits filed by the Debtor earlier with its original Motion, it is entitled to a Judgment as a matter of law dismissing the involuntary case with prejudice. In the alternative, the Debtor states that it has filed a Motion seeking a modification of the automatic stay in order to prosecute its appeal of Blazer's judgment, and the Debtor suggests it would be appropriate to either dismiss this case, or at least suspend the prosecution of the case, until disposition of the appeal. The request for suspension is based on § 305(a)(1) contending that a dismissal or suspension would be in the best interest of all creditors and the debtor.

In the present instance there is no real dispute that the Debtor did not pay the judgment obtained by Blazer; that it owes substantial amounts to professionals, incurred in connection with the arbitration and the subsequent litigation with Blazer; that it is in default on the first mortgage encumbering its one and only asset, a residential apartment house complex located in Naples, Florida. In order to overcome these uncontested facts, the Debtor contends that, with the exception of Blazer, all the other creditors have agreed to defer collection of the obligations due to them, and thus, it is not failing to pay its debts as they come due and this Court should accept this fact as sufficient to prevent the entry of the Order for Relief.

■ Section 303(h) requires that the Court enter an order for relief only if it is established that the debtor is not generally paying its "debts as such debts become due, unless such debts are the subject of a bona fide dispute." § 303(h)(1).

The language of § 303(h)(1) is unambiguous and is clear. The Supreme Court has established that where the language of the statute is clear and unambiguous, the court should follow the plain language of the statute. *United States v. Ron Pair Enterprises Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In addition, counsel for the Debtor has failed to furnish any authority to support the proposition urged, and independent research by the Court failed to locate any, nor is there anything in the legislative history of this Section which indicates support for the proposition urged by the Debtor for the following reasons:

■ While forgiveness of an obligation would clearly be sufficient to deny the entry of the Order for Relief, a mere moratorium certainly would not. The debt is still due and owing and notwithstanding the fact that the creditor has agreed to forego collection on the debt, the debt still remains due and unpaid.

■ This leaves for consideration the alternative remedy sought by the Debtor, that is, either to dismiss or to suspend this involuntary case pursuant to § 305(a)(1).

This Section permits a dismissal or suspension of a case if such action would be in the best interest of creditors and the debtor. In support of this request, the Debtor points out that this is a single asset real estate case; that the property is fully encumbered, in that the amount owed on the first mortgage is greatly in excess of the value of the property and therefore, there cannot be a meaningful administration by the trustee if an order for relief is entered and no benefit can possibly be produced for the general unsecured creditors; that this is basically a two-party dispute which should be and will be resolved in the state court, if this Court grants the Motion to Modify the Automatic Stay; that the only viable alternative to satisfy the claims of creditors and continue to satisfy the claims of creditors who dealt with the Debtor is to permit the Debtor to continue its business operation, the operation of the apartment house complex with 700 tenants currently in occupancy. In opposition to the Debtor's request of dismissal or suspension, Blazer, while conceding that this is a single asset case and the property has no realizable equity, contends that the trustee may, by utilizing the special voiding powers of the Code found in Sections 544, 547, 548, 549, create funds for the general unsecured creditors which cannot be achieved in the state court. Particularly, Blazer contends that there might have been a preferential payment which could be avoided by the trustee pursuant to § 547(b) of the Code. It appears that this alleged preference involves a payment by the Debtor in the amount of $1,500.00 which, in the total picture of this case, is a drop in the bucket.

Having considered the respective positions of the parties, this Court is satisfied that under the facts of this case, it is appropriate to suspend any further proceeding in this involuntary case, at least until the pending appeal is resolved, and reconsider Blazer's right to the entry of the Order for Relief after the state court litigation is concluded.

Accordingly, it is

**ORDERED, ADJUDGED AND DE-CREED** that the Renewed Motion for Summary Judgment, filed by the Debtor, be and the same is hereby denied. It is further

**ORDERED, ADJUDGED AND DE-CREED** that the Alternative Relief requested be and the same is hereby granted and that any further proceeding in this involuntary case be and the same is hereby suspended until the appeal process is concluded, at which time this Court will reconsider the entry of an Order for Relief or a dismissal.

**DONE AND ORDERED.**